[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ORDER (#101)
The plaintiff was convicted of sexual assault under General Statutes § 53a-71 as a result of his having had sexual intercourse with two minor females.[1] He has brought this action against the victims of those offenses and their parents on the theories that the victims misled the plaintiff about their ages and induced him to have sex with them, and that the parents negligently supervised the victims. In his original complaint, the plaintiff identified all of the defendants by name. In the first part of this motion, filed by the Victims' Advocate pursuant to General Statutes § 46a-13c (5), the defendants ask that court seal the file and order the plaintiff to amend his complaint, using fictitious names for the defendants. Following oral argument, the court granted this portion of the motion in accordance with the provisions of Practice Book § 11-20.
The Victims' Advocate also seeks sanctions against the plaintiff's counsel for revealing the victims' names, both in the original complaint and in a newspaper article about this litigation. General Statutes §54-86e provides in relevant part that "[t]he name and address of the victim of a sexual assault under section. . . 53a-71 . . . or of an attempt thereof shall be confidential and shall be disclosed only upon order of the Superior Court, except that such information shall be available to the accused in the same manner and time as such information is available to persons accused of other criminal offenses." Under General Statutes § 1-1K "[e]xcept as otherwise provided by the general statutes, `victim of crime' or `crime victim' includes immediate family members of a minor. . . ."
The Victims' Advocate and the defendants wish to apply § 54-86e in the context of a civil trial and to have the court sanction the plaintiffs counsel for revealing the identities of the victims. "As with any issue of statutory interpretation, our initial guide is the language of the statute itself" (Internal quotation marks omitted.) Peabody N.E.,CT Page 13581Inc. v. Department of Transportation, 250 Conn. 105, 122, 735 A.2d 782
(1999). The language of the statute is not limited to criminal trials. On the other hand, the statute is located within title 54, entitled "criminal procedure," and no counterpart exists in our civil statutes or rules. Despite its placement within the general statutes, however, the court finds that the statute is applicable to civil trials.
First, as previously stated, the plain language of the statute is not limited to criminal trials. Second, this would not be the first time that a criminal procedure statute has been applied in the context of a civil trial. In Wilhelm v. Czuczka, 19 Conn. App. 36, 38-40, 561 A.2d 146
(1989), the Appellate Court upheld a trial court's jury instruction on the basis of child competency rules contained in General Statutes §54-86h. Id., 39. The Wilhelm case did not draw a distinction between civil cases and criminal cases, but instead only considered the plain language of § 54-86h in its analysis.
Third, applying § 54-86e to a civil case would accomplish the goals that the legislature had in mind in enacting that statute. There had "been a number of instances where victims have received harassing or obscene calls at home, after testifying in court. Others knowing that they would have to divulge their address in public, have on occasion refused to report or prosecute a given crime." 24 H.R. Proc., Pt. 9, 1981 Sess., p. 2911, remarks of Representative Fox. Moreover, the legislature, in its discussion of the impact of the bill, did not limit it to criminal cases, but used sweeping language in their deliberations. "What the bill does is to prevent a victim of sexual assault from having to divulge his or her address or telephone number in a court proceeding except in limited circumstances. It further prevents the disclosure of the name and address of a victim of sexual assault, except by court order." 24 S. Proc., Pt. 18, 1981 Sess., p. 5703, remarks of Senator Skowronski. The bill provided that "the information in question shall be confidential and disclosed only upon order of the Superior Court." 24 H.R. Proc., Pt. 27, 1981 Sess., p. 9188, remarks of Representative Fox. Given the plain language of the statute, the clear intention of the legislature to protect victims of sexual assault from having their names made public, and the sweeping remarks in the legislative history, it does not appear that the legislature intended to limit § 54-86e's protections to criminal cases.
The movants request sanctions, but do not reference any statute or rule. The court need not, however, rely upon any specific rule to impose sanctions on a Connecticut attorney. "The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys . . . The court also has the CT Page 13582 inherent power . . . to discipline members of the bar, and to provide for the imposition of reasonable sanctions to compel the observance of its rules . . . even in the absence of a specific rule or order of the court that is claimed to have been violated." (Citations omitted; internal quotation marks omitted.) Thalheim v. Greenwich, 256 Conn. 628, 653,775 A.2d 947 (2001).
Although the court has the inherent power to levy sanctions on a member of the bar, several factors militate against levying sanctions in the present case. First, there has been no prior case law to put the plaintiffs attorney on notice that § 54-86e could form the basis for sanctions in a civil case, and, indeed, the court has found only one case that has applied any criminal procedure statute to a civil case. Wilhelmv. Czuczka, supra. Second, no evidence has been offered that suggests that the plaintiffs counsel in the present case solicited the newspaper article revealing the names of the victims. Third, there had been no prior court order regarding disclosure of the victims' names. Fourth, it is standard procedure to place the addresses and names of the defendants in the initial court filing in order to be able to effectuate service of process. Finally, at oral argument on the instant motion, the plaintiff did not oppose those portions of the motion that sought to have the court seal the file and order the plaintiff to amend the complaint by substituting pseudonyms for the real names of the defendants.
For all of the above reasons, that portion of the motion seeking sanctions is denied.
Jonathan E. Silbert, Judge